# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DONALD DUROSS,                     )
                                   )
                Plaintiff,         )
                                   )
        v.                         )       C.A. No. N19C-05-048 JRJ
                                   )
CONNECTIONS CSP, INC.              )
                                   )
                Defendant.         )

Date Submitted: June 21, 2019
Date Decided: September 13, 2019

## ORDER

Upon consideration of the Plaintiff's Motion for Appointment of Counsel[1] and Motion to Amend;[2] and the facts, arguments, and legal authorities set forth in Plaintiff's Motions; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1.  Plaintiff Donald DuRoss is incarcerated in Delaware. On May 7, 2019, Plaintiff filed a Complaint against Defendant Connections CSP, Inc. ("Connections CSP") alleging that Connections CSP, as a provider of medical services to persons incarcerated in Delaware, was deliberately indifferent to Plaintiff's serious medical needs.[3] Plaintiff sought leave to proceed *in forma pauperis*, which the Court

---

[1] Mot. for Appointment of Counsel ("Mot. to Appoint") (Trans. ID 63503461).
[2] Mot. to Amend (Trans. ID 63566208).
[3] Compl. (Trans. ID 63237557).

granted.[4] Thereafter, Plaintiff filed the instant Motion for Appointment of Counsel and Motion to Amend.

2. In support of his Motion for Appointment of Counsel, the Plaintiff states: (1) he unsuccessfully sought legal aid and is unable to afford private counsel; (2) his case involves complex legal issues; (3) he has limited access to the prison law library; and (4) he has limited knowledge of the law.[5]

3. In civil cases, Delaware courts consider requests for appointment of counsel as a matter of due process under the Fourteenth Amendment to the United States Constitution.[6] "Special and compelling circumstances" must exist for appointment of counsel to be constitutionally required.[7] The appropriate test is the three-prong test set forth in *Mathews v. Eldridge*.[8] The Court must consider: "(1) the private interests at stake, (2) the government's interest and (3) the risk that the procedure without counsel would lead to erroneous results."[9]

4. The private interest at stake in this case is Plaintiff's "right to meaningful access to the Courts."[10] This right may be satisfied by "access to an adequate law

---

[4] Order on Application to Proceed *in Forma Pauperis* (Trans. ID 63295082).
[5] Mot. to Appoint.
[6] *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010) (citing *Jenkins v. Dover Police Com'r*, 2002 WL 663912, at *2 (Del. Super. Apr. 5, 2002)).
[7] *Id.* (quoting *Jenkins*, 2002 WL 663912, at *2).
[8] *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976)).
[9] *Jenkins*, 2002 WL 663912, at *2 (citing *Mathews*, 424 U.S at 321).
[10] *Miller*, 2010 WL 1731853, at *1.

library."[11] On this point, Plaintiff alleges that his access to the law library is limited. However, non-specific allegations of limited access to the law library are insufficient to show lack of meaningful access to the courts.[12] The Court finds that Plaintiff has not demonstrated that he lacks meaningful access to the Courts.

5. With regard to the second factor—the government interests at stake—the Court does not find this factor dispositive or significant in this case.

6. With regard to the third factor—the risk that the procedure without counsel would lead to erroneous results—Plaintiff asserts that the issues in this case are complex and he is not skilled in the law. While a plaintiff with appointed counsel may have a greater chance of success than a *pro se* litigant, that fact alone does not establish that appointment of counsel is constitutionally required.[13] On this point, the Court notes that Plaintiff's allegations do not "set[] his case apart from the volume of cases in which inmates allege claims of medical negligence and violation of civil rights against prison officials or prison medical staff."[14] On the contrary,

---

[11] *Deputy v. Dr. Conlan*, 2008 WL 495791, at *1 (Del. Super. Feb. 13, 2008).

[12] *See Miller*, 2010 WL 1731853, at *1 ("The case law is clear that mere allegations of limits on the amount of time an inmate can spend in the prison library are not sufficient to create a right to appointed counsel in a civil case."); *Vick v. Dep't of Corr.*, 1986 WL 8003, at *3 (Del. Super. 1986) ("The allegation that the prison library is only accessible on a very limited basis, without greater specificity, is insufficient to defeat the State's strong countervailing interest in maintaining order and discipline in its penal institutions.").

[13] *See Miller*, 2010 WL 1731853, at *1 ("The Court notes that a plaintiff's diminished chance of success in the absence of appointed counsel, without more, does not outweigh the State's strong interest in maintaining order in penal institutions.").

[14] *Id.*

3

Plaintiff's allegations are relatively simple and straightforward.

7. The subject of the Complaint is medical care Plaintiff received for his ulcerative colitis while incarcerated at the Howard R. Young Correctional Facility ("HRYCI"). In short, Plaintiff alleges that, after considerable delay, he was scheduled to receive a colonoscopy at Saint Frances Hospital in September 2018.[15] The colonoscopy was not performed as scheduled due to incomplete or improper bowel preparation.[16] When Plaintiff returned to HRYCI from the hospital, he experienced a major flare up of his ulcerative colitis after he was not provided with his prescribed medications.[17] These circumstances were the result of the actions or inactions of certain staff and demonstrate, according to Plaintiff, deliberate indifference to his serious medical needs. The Court does not find that the risk of this case proceeding without counsel, and thereby leading to erroneous results, requires appointment of counsel.

8. For the foregoing reasons, the Court finds that Plaintiff has not demonstrated cause for the relief sought in the Motion for Appointment of Counsel. Therefore, the Plaintiff's Motion for Appointment of Counsel is **DENIED.**

9. As to Plaintiff's Motion to Amend, because Connections CSP has not served a responsive pleading to the Complaint, Plaintiff is entitled under Superior

---

[15] Attachment to Compl. ¶ 2.
[16] *Id.* ¶¶ 3–4.
[17] *Id.* ¶¶ 5–6.

Court Civil Rule 15(a) to amend the Complaint once "as a matter of course at any time." Therefore, the Court will grant Plaintiff's Motion to Amend as long as Plaintiff's Complaint along with the amendments proposed in the Motion to Amend pass muster under 10 Del. C. § 8803(b).

10. Pursuant to 10 Del. C. § 8803(b), if the Court grants an application to proceed *in forma pauperis*, the Court must then conduct a review of the complaint and determine whether the action is factually frivolous, legally frivolous, or malicious. If the Court finds the pleadings factually frivolous, legally frivolous, or malicious, § 8803(b) requires the Court to dismiss the action.[18]

11. In his Motion to Amend, Plaintiff seeks to add various Department of Correction ("DOC") officials as defendants.[19] Plaintiff alleges that the identified DOC officials were grossly negligent and violated Plaintiff's constitutional rights by failing to ensure that Plaintiff received adequate medical care.[20] The Complaint, even if amended as proposed, is not a model pleading. That said, the two legal theories identified by Plaintiff, however imprecisely, are: (1) medical negligence;

---

[18] Under § 8803(b), a claim is factually frivolous when the factual allegations "are baseless, of little or no weight, value or importance, not worthy of serious attention or trivial." 10 *Del. C.* § 8801(4). A claim is legally frivolous when the claim is "based on an indisputably meritless legal theory." [18] *Id.* § 8801(7). And a claim is malicious when the claim is "designed to vex, injure or harass" or if the claim is "otherwise abusive of the judicial process or which realleges pending or previously litigated claims." *Id.* § 8801(8).

[19] Mot. to Amend. ¶¶ 3–6.

[20] *Id.*

and (2) deprivation of Plaintiff's Eighth and Fourteenth Amendment rights,[21] i.e. a 42 U.S.C. § 1983 claim.

12. With regard to medical negligence, 18 *Del. C.* § 6853 requires a party pleading a claim of medical negligence to submit an affidavit of merit as set forth in § 6853(a), except in certain limited circumstances where there is a rebuttable inference of medical negligence. Plaintiff has not submitted an affidavit of merit, and his allegations do not fall within the narrow grounds set forth in § 6853(e) to establish a rebuttable inference of medical negligence. Therefore, to the extent Plaintiff has alleged medical negligence, his Complaint is statutorily deficient, and Plaintiff's Motion to Amend is **DENIED in part.**

13. With regard to the addition of DOC officials as defendants, while some basis to dismiss pursuant to Superior Court Civil Rule 12(b)(6) may exist, the Court does not find Plaintiff's allegations of deliberate indifference to his serious medical needs factually or legally frivolous such that denial of Plaintiff's Motion to Amend is appropriate at this stage of the proceedings. Therefore, except as described above in relation to Plaintiff's claim of medical negligence, Plaintiff's Motion to Amend is **GRANTED in part.**

---

[21] The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishments. The Eighth Amendment is made applicable against the States by the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976) (citing *Robinson v. California*, 370 U.S. 660 (1962)).

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Donald DuRoss